# SOUBIRAN v. RIVOLLET.

Where it is shown that the succession of a deceased husband would not have defrayed the expenses of its administration; and that he died in a state of absolute destitution; his surviving wife cannot be made responsible for any portion of his debts, under art. 2387 C. C., on proof that she took possession of certain old trunks and their contents, which the evidence renders it highly probable contained nothing but papers and old clothes, which she offered to return. *Per Curiam:* If the succession could not have defrayed the expense of its administration; she was not bound to have it administered.

APPEAL from the Second District Court of New Orleans, *Canon*, J. *Du-* SOUBIRAN
*vigneaud*, for the appellant, cited C. C. 1074, 2381,  Bul. & Cur. Dig. p.         *v.*
810.  Chabot, des Successions, vol. 2 p. 108.  Dict. du Droit Civil, vol. 6, p. 56, RIVOLLET.
arts. 28, 29, 35, 38.  Ibid. vol. 2, p. 225, arts. 563 to 573.  *Biron*, on the same
side.  *Latour*, for the defendant.  The judgment of the court *(King*, J. absent,)
was pronounced by

ROST, J.  The plaintiff, who is a creditor of the late *Jean Marie Rivollet*,
seeks to make his widow responsible for the debt, under art. 2387 C. C.  The
answer contains a general denial, and averment that the defendant has neither
concealed nor made away with any of the effects of the community; but that,
after the death of her husband, as a conservatory measure, and in the presence
of witnesses, she took possession of two old trunks and their contents, which she
is ready to deliver to any person authorized to receive the same.  The District
court non-suited the plaintiff, and he has appealed.

The allegations that the defendant has concealed or made away with the effects
of the succession, are entirely unsupported by evidence.  It is proved, on the other
hand, that *Rivollet* lived separate from his wife, and was, at the time of his death,
in a state of absolute destitution.  His brother had to pay his funeral expenses,
and the person, in whose house he lived, has against him a claim for rent and at-
tendance, which she considers as lost.  This testimony makes it highly probable
that the two trunks, of which the defendant took charge, contained nothing but the
papers and old clothes which she offers to return.  If, as we believe, the succes-
sion would not have defrayed the expenses of administration, the defendant was
not bound to have it administered.

*Judgment affirmed.*